**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Alex Greer, a married man, ) | No. CV-02-0637-PCT-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Yavapai County, a body politic; Jason ) | |
| Morgan, a married man; Randy Evers, a ) | |
| married man; G.C. (Buck) Buchanan, a ) | |
| married man; Dennis Garrett, a married ) | |
| man, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Doc. #161).

**I. BACKGROUND**

Plaintiff James Alex Greer brought suit against Defendants on ten separate claims relating to an incident where police officers responded to Plaintiff's home after receiving a report of a "man with a gun." During the incident, Plaintiff was taken to the ground and arrested when he refused to comply with Defendant Deputy Jason Morgan's ("Deputy Morgan") orders. At trial, the Court granted judgment as a matter of law for the Defendants on eight of Plaintiff's claims. The only two claims that went to the jury were solely against Deputy Morgan and were only related to the initial "protective sweep" and the third search based upon Mrs. Greer's consent to search.

On May 25, 2004, the Court entered judgment pursuant to a jury verdict in favor of Plaintiff for his 42 U.S.C. § 1983 claim of an unreasonable search of his home in violation of the Fourth Amendment. The jury awarded nominal damages in the amount of $1. On September 5, 2006, the Ninth Circuit affirmed the jury verdict and the judgment as a matter of law granted by this Court. Plaintiff then filed a Request for Panel Rehearing. On September 27, 2006, the Ninth Circuit denied the petition for rehearing. Plaintiff subsequently filed the instant Motion for Attorney's Fees, claiming fees and expenses in the amount of $78,000.86. In his subsequently filed reply memorandum, Plaintiff claims an additional $2,137.50 in fees for drafting a reply memorandum, for a total fee claim of $80,138.36.

**II. DISCUSSION**

Plaintiff argues that he is entitled to attorney's fees as he is the prevailing party in a 42 U.S.C. § 1983 claim. Additionally, he argues his victory consisting of nominal damages was not de minimis as damages were not the main reason for the litigation. Instead, Plaintiff asserts that the significant public purpose served by the litigation prevents his victory from being purely de minimis.

In opposition, Defendant highlights the fact that Plaintiff asked the jury to return a verdict of $100,000 and instead was awarded $1. Defendant argues that Plaintiff's claim that he was not primarily seeking money damages should not be given much weight because, in civil rights litigation, a "wise Plaintiff" would make such a post-hoc claim to increase the potential of obtaining attorney's fees. Also, Defendant claims that the litigation did not have any substantial constitutional significance because there was no finding of any unconstitutional custom or policy within Yavapai County or the Yavapai County Sheriff's Office.

Under 42 U.S.C. § 1988, the Court is given discretion to award attorney's fees to the prevailing party. In creating 42 U.S.C § 1988, Congress clearly sought to preserve the practice of granting courts discretion to withhold attorney's fees in purely technical or de

1  minimis victories. *See Farrar v. Hobby*, 506 U.S. 103, 119 (1992).  The Supreme Court in
2  *Farrar* created the exception that when a civil rights plaintiff "prevailed," but received only
3  nominal damages and achieved only "technical success," a court may dispense with the
4  general requirements that govern the calculation of attorney's fees and simply establish a low
5  fee or no fee award.  *Id.* at 116-18. (O'Connor, J., concurring).  In determining if an award
6  was only de minimis or technical, a court should consider both the monetary and significant
7  nonmonetary results achieved for the plaintiff and other members of society.  *Morales v. City*
8  *of San Rafael,* 96 F.3d 359, 365 (9th Cir. 1996).

9        The nominal damages in the instant case make Plaintiff the prevailing party; however,
10 prevailing party status does not by itself prevent his victory from being purely technical.  *See*
11 *Farrar*, 506 U.S. at 114.  Because the litigation materially altered the legal relationship
12 between the parties, the degree of success becomes the most crucial factor in determining the
13 reasonableness of a fee award.  *Id.*  "At the most general level, *Farrar* stands for the
14 uncontroversial principle that 'it is an abuse of discretion for the district court to award
15 attorney's fees without considering the relationship between the 'extent of success' and the
16 amount of the fee award.'"  *McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805,
17 810 (9th Cir. 1994) (*quoting Farrar*, 506 U.S. at 115-16).

18       An analysis of Plaintiff's monetary success shows that he sought $100,000 in damages
19 and received $1.  Receipt of such a small fraction of the monetary amount sought cannot be
20 considered even a small degree of success.

21       Regarding the nonmonetary success of the litigation, Plaintiff argues that this lawsuit
22 has served the great public purpose of protecting citizens against unreasonable searches and
23 seizures.  The Court finds that this is an overstatement of the footprint of this litigation.  Just
24 because this claim involved a nominal damages award for a constitutional issue does not
25 automatically mean there was a substantial public purpose served in the litigation or it
26 presented a significant legal issue on which Plaintiff prevailed.  All constitutional violations
27 do not necessarily result in significant benefits to a plaintiff or society in general.  *Romberg*
28

- 3 -

1  *v. Nicholas*, 970 F.2d 512, 523 (9th Cir. 1992).  A technical violation by Deputy Morgan of
2  a complex constitutional right while under the fear of "a man with a gun," which a jury
3  determined entitled Plaintiff to nominal damages, falls short of significant benefits to
4  Plaintiff or society in general.  Plaintiff has failed to outline any specific nonmonetary
5  benefits that were achieved, but instead erroneously rests on the general assertion that a
6  significant public policy interest was served in the award of nominal damages in this
7  litigation.

8  "Where the only reasonable fee is no fee, an award of fees would be unjust;
9  conversely where a fee award would be unjust, the reasonable fee is no fee at all." *Farrar*,
10 506 U.S. at 118. (O'Connor, J., concurring).  Upon an analysis of the extent of relief, public
11 purpose served, and significance of the legal issues, the Court concludes that Plaintiff
12 received a purely technical victory when he was awarded a nominal damages award that
13 resulted in no significant nonmonetary benefits to him or society.

### III. CONCLUSION

In the instant case, Plaintiff is the prevailing party, but neither Plaintiff nor society has received anything more than nominal monetary benefits from this litigation.  Plaintiff's victory was purely technical and, as a result, the Court finds that an award of attorney's fees is inappropriate.

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. #161) is **DENIED**.

DATED this 26th day of July, 2007.

James A. Teilborg
United States District Judge

- 4 -